UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellant,*

            v.

RAYMOND JEROME FRANCIS, a/k/a
Raymond Rudone Ramsey,
            *Defendant-Appellee.*

No. 01-4014

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

RAYMOND JEROME FRANCIS, a/k/a
Raymond Rudone Ramsey,
            *Defendant-Appellant.*

No. 01-4077

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-96-21, CA-00-141-1)

Submitted: December 7, 2001

Decided: January 23, 2002

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

_____

No. 01-4014 reversed and remanded and No. 01-4077 affirmed by
unpublished per curiam opinion.

_____

## COUNSEL

Robert J. Conrad, Jr., United States Attorney, Brian L. Whisler, Assistant United States Attorney, Charlotte, North Carolina; Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Neil I. Jacobs, Rockville, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

These appeals arise from the district court's orders granting in part and denying in part relief on Raymond Jerome Francis' motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001), and denying the Government's motion to reconsider. For the reasons discussed below, we affirm in No. 01-4077, and in No. 01-4014, we reverse the order denying the Government's motion for reconsideration and remand for reimposition of Francis' original terms of imprisonment and supervised release.

Francis was convicted in 1997 of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999), distribution of crack cocaine, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001), and using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West 2000). The district court sentenced Francis to a 324-month term of imprisonment on the drug counts and a consecutive sixty-month term on the § 924(c) count, to be followed by five years of supervised release. We affirmed Francis' convictions and sentence on direct appeal. *United States v. Barber*, No. 97-4983(L), 1999 WL 95539 (4th Cir. Feb. 17, 1999) (unpublished).

Francis filed a § 2255 motion in the district court challenging his convictions and sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Francis also claimed, among other things, that the indictment was defective and that counsel provided ineffective representation.* The district court granted Francis' § 2255 motion in part, holding that *Apprendi* applied retroactively to cases on collateral review, and reduced Francis' terms of imprisonment and supervised release to 240 months and three years, respectively. The court denied relief as to Francis' other claims. The Government filed a motion to reconsider, arguing that *Apprendi* should not be applied retroactively to cases on collateral review. The district court denied the motion. Francis and the Government appeal.

In No. 01-4077, our review of the record and the district court's opinion to the extent it denied relief on Francis' claims discloses no reversible error. Accordingly, we deny Francis' motion for judicial notice and affirm the denial of relief on the reasoning of the district court. *United States v. Francis*, Nos. CR-96-21; CA-00-141-1 (W.D.N.C. Dec. 13, 2000). We also grant Francis' motion to file a pro se supplemental brief but find the claims raised therein to be without merit.

In No. 01-4014, the Government appeals from the district court's denial of its motion to reconsider the granting of relief on Francis' motion with respect to his claim under *Apprendi*. In *United States v. Sanders*, 247 F.3d 139 (4th Cir.), *cert. denied*, ___ U.S. ___, 2001 WL 1244813 (U.S. Nov. 13, 2001) (No. 01-6715), we held that *Apprendi* is not retroactively applicable to cases on collateral review. *Id.* at 151. The district court's order squarely conflicts with *Sanders*. We therefore reverse the district court's order denying the Government's motion for reconsideration and remand with instructions to reimpose Francis' original 324-month sentence and five-year term of supervised release. In light of this disposition, we deny as moot the

---

*To the extent Francis does not challenge on appeal his remaining claims or the district court's order denying his motion for an enlargement of time in which to respond to the Government's motion for reconsideration, we find that he has abandoned those issues on appeal. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued on appeal are deemed abandoned).

Government's motion for summary reversal of the district court's order to the extent that it granted partial relief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-4014, *REVERSED AND REMANDED*

No. 01-4077, *AFFIRMED*